UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL DRILLING SUPPLIERS, INC., OCI DIVISION,<br><br>     Plaintiff,<br><br> − *against* −<br><br>PASENTI CONCRETE, INC.,<br><br>     Defendant. | Civil Docket No. 22-8484<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

  Plaintiff Global Drilling Suppliers, Inc., OCI Division ("Plaintiff"), an Ohio for-profit corporation, licensed to do business at its place of business located at 370 Industrial Park Road, Brookville, Pennsylvania 15825, for its Complaint against Defendant Pasenti Concrete, Inc. ("Defendant") says:

### THE PARTIES

  1. Plaintiff is and was, at all times relevant to this action, a for-profit corporation organized and existing under the laws of the State of Ohio and authorized to do business in the Commonwealth of Pennsylvania.

  2. Plaintiff is principally engaged in the business of designing, building, and selling drilling tools for construction.

  3. Upon information and belief, Defendant is a New York corporation that primarily does business in the State of New York, with a principal place of business at 1407 Kings Highway, #219, Sugar Loaf, New York 10981 and, upon information and belief, is principally engaged in the business of providing construction contracting services.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because the parties have complete and diverse citizenship and the amount in controversy exceeds $75,000.00.

5. This matter is properly venued in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district in New York.

## GENERAL ALLEGATIONS

6. Beginning in or around 2020, an authorized representative of Defendant approached Plaintiff regarding the provision of certain drilling and piping equipment, materials, and supplies for Defendant's construction projects.

7. In response to these inquiries, Plaintiff provided Defendant with a "Quotation Revision" listing the materials to be provided to Defendant, the unit price for each item, and additional terms for the proposed sale transaction. A true and correct copy of a June 16, 2020 Quotation Revision is attached hereto as EXHIBIT A.

8. Historically, Defendant would accept the terms of Plaintiff's offer, such as it did with the June 16, 2020 quotation revision, and would agree to purchase items at quoted unit prices.

9. Plaintiff and Defendant commenced a course of dealing whereby on several occasions, an authorized representative of Defendant contacted Plaintiff to make an inquiry regarding the provision of certain drilling-related equipment and supplies, Plaintiff would make an offer for a sale to the Defendant in the form of a quotation or through electronic or mobile communications, and Defendant would accept Plaintiff's proposed terms for the transaction.

10. Plaintiff provided to Defendant additional, subsequent offers for the sale and/or rental of supplies and equipment in the form of quotations and electronic or mobile communications, several of which were accepted by Defendant, including those made on: November 5, 2020; January 18, 2021; and February 23, 2021. True and correct copies of the aforementioned offered quotations and communications to Defendant are attached hereto as EXHIBITS B through E.

11. In the normal course of business established between the Parties, Plaintiff would invoice Defendant for the supplies and equipment ordered by Defendant as they were delivered to Defendant.

12. Over the course of dealing between the Parties, Plaintiff first invoiced Defendant on December 22, 2020. Plaintiff issued a series of ten (10) invoices to Defendant, periodically stating amounts that had become due and owing to Plaintiff, during the period through March 4, 2021. True and correct copies of invoices delivered to Defendant are attached hereto as EXHIBIT F.

13. During the course of dealing between the Parties, invoices sent to Defendant went unpaid and became delinquent.

14. Beginning on or about August 26, 2021, Plaintiff began to make a series of inquiries of Defendant regarding the status of unpaid invoices due and owing to Plaintiff.

15. On August 26, 2021, Plaintiff informed Defendant that $166,016.19 was due and owing to Plaintiff.

16. Plaintiff made follow-up inquiries regarding the status of unpaid invoices on August 30, 2021; September 7, 2021; September 30, 2021; October 5, 2021; and December 1, 2021.

17. On December 2, 2021, Defendant acknowledged the outstanding debt and proposed a payment schedule of $13,834.00 a month for twelve (12) months. Defendant made a good-faith payment of $1,000.00 towards the balance of unpaid invoices.

18. On January 5, 2022, Plaintiff contacted Defendant to confirm the scheduled start date of Defendant's proposed monthly payment schedule, then sent a follow-up communication on January 27, 2022 after having received no response.

19. On January 27, 2022, Defendant communicated that it would need until February 15, 2022 to begin the monthly payment schedule.

20. On February 17, 2022, Plaintiff informed Defendant that it had not received the first installation of Defendant's monthly payments and that $165,016.00 was due and owing to Plaintiff.

21. Plaintiff made subsequent follow-up inquiries regarding the status of unpaid invoices on February 21, 2022 and May 9, 2022 after having received no response. A true and correct copy of email chain from August 26, 2021 to May 9, 2022 is attached hereto as EXHIBIT G.

22. Plaintiff maintained a running account with Defendant for the balance owed to Plaintiff. A true and correct copy of the final account statement summary to Defendant indicating the invoiced amounts due to Plaintiff during the course of dealing by Defendant is attached hereto as EXHIBIT H.

23. As a result, Defendant is currently indebted to Plaintiff in the principal amount of $165,016.19.

24. Despite repeated demands by Plaintiff, Defendant has failed and refused to remit payment.

## FIRST COUNT

## (BREACH OF CONTRACT)

25. Plaintiff repeats and realleges the allegations set forth in the previous paragraphs as if fully set forth herein.

26. Plaintiff made offers to sell equipment and supplies to Defendant via the quotations and electronic or mobile communications to Defendant attached hereto as <u>EXHIBITS A through E</u>.

27. Defendant accepted Plaintiff's offers to sell, and therefore agreed to purchase, certain pieces of equipment and other supplies, in response to each of the quotations and communications attached hereto.

28. Plaintiff agreed to deliver equipment and supplies in consideration for Defendant's payment of agreed-upon fixed sums, as stated in the invoices sent to Defendant and attached hereto as <u>EXHIBIT F</u>.

29. Plaintiff and Defendant's agreements for the purchase and sale of equipment and supplies constitute valid and enforceable contracts as defined by law.

30. By failing to remit payment for the goods provided by Plaintiff to Defendant, Defendant breached a material term of each contract it entered with Plaintiff.

31. By reason of Defendant's breach of contract, Defendant has damaged Plaintiff in the principal amount of $165,016.19.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) A declaration that Defendant has materially breached its contracts with Plaintiff;

(b) Awarding damages in the principal amount of $165,016.19, plus interest.

(c) Awarding reasonable attorney's fees and cost of suit; and

(d) Awarding such other, further and additional relief to Plaintiff as this Court deems just and proper.

## SECOND COUNT

### (ACTION FOR THE PRICE UNDER N.Y. U.C.C. § 2-709)

32. Plaintiff repeats and realleges the allegations set forth in the previous paragraphs as if fully set forth herein.

33. Plaintiff is a "merchant" as that term is defined pursuant to N.Y. U.C.C. § 2-104.

34. The drilling-related supplies and equipment sold by Plaintiff to Defendant constitute "Goods" as that term is defined pursuant to N.Y. U.C.C. § 2-105.

35. Plaintiff and Defendant formed multiple contracts for the sale of goods, and therefore the Parties' transaction is governed by New York's adaptation of the Uniform Commercial Code.

36. Plaintiff tendered, and Defendant accepted and retained, $166,016.19 worth of equipment and supplies, at the prices agreed upon by the Parties and as stated in the quotations, correspondence, invoices, and account statements attached hereto.

37. Defendant has made only $1,000.00 in payments to Plaintiff for the aforementioned amount.

38. Section 2-709 of the N.Y. U.C.C. pertinently provides:

> (1) When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price
>
> (a) of goods accepted or of conforming goods lost or damaged within a commercially reasonable time after risk of their loss has passed to the buyer.

39. Defendant, a buyer of goods, accepted and retained the goods delivered to it by Plaintiff.

40. Defendant has repeatedly failed to pay the prices of such goods as they came due to Plaintiff during the period of December 22, 2020 through March 4, 2021.

41. As such, pursuant to N.Y. U.C.C. § 2-709, Plaintiff is now entitled to recover the full amount of the agreed-upon, unpaid price owed to Plaintiff by Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) Awarding damages in the principal amount of $165,016.19, plus interest.

(b) Awarding reasonable attorney's fees and cost of suit; and

(c) Awarding such other, further and additional relief to Plaintiff as this Court deems just and proper.

## THIRD COUNT

## (UNJUST ENRICHMENT)

42. Plaintiff repeats and realleges the allegations set forth in the previous paragraphs as if fully set forth herein.

43. Plaintiff alleges in the alternative to its First and Second Counts, that if this Court shall find that no valid, enforceable contracts existed between the parties, that Defendant has been unjustly enriched.

44. Plaintiff supplied Defendant with $166,016.19 worth of equipment and supplies during the period of December 22, 2020 through March 4, 2021; however Defendant has rendered payment of only $1,000.00 to Plaintiff.

45. As a result of Defendant's failure to remit full payment to Plaintiff for the goods and services rendered to it, Defendant has been unjustly enriched in the amount of $165,016.19.

To allow Defendant to retain such equipment and supplies without paying the stated prices for such items would allow a manifest injustice under the law.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that Defendant has been unjustly enriched at the expense of Plaintiff;

(b) Awarding damages in the principal amount of $165,016.19, plus interest.

(c) Awarding reasonable attorney's fees and cost of suit; and

(d) Awarding such other, further and additional relief to Plaintiff as this Court deems just and proper.

## FOURTH COUNT

## (ACCOUNT STATED)

46. Plaintiff repeats and realleges the allegations set forth in the previous paragraphs as if fully set forth herein.

47. Defendant, being indebted to Plaintiff upon an account stated between them, promised to pay Plaintiff upon demand.

48. Plaintiff has repeatedly demanded that Defendant remit payment for the amounts owed by Defendant to Plaintiff. Defendant, however, has failed and refused to remit payment.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) Awarding damages in the principal amount of $165,016.19, plus interest.

(b) Awarding reasonable attorney's fees and cost of suit; and

(c) Awarding such other, further and additional relief to Plaintiff as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 5, 2022
New York, New York

*/s/ Andrew C. Egan*
ANDREW C. EGAN, ESQ. (AE0215)
BRESSLER, AMERY & ROSS, P.C.
17 State Street
New York, New York  10004
(212) 425-9300
aegan@bressler.com
Attorneys for Plaintiff Global Drilling
 Supplies, Inc., OCI Division

1738263_1